KLEIN, Judge.
Appellant bank appeals a summary judgment entered against it on its cross-claim against appellees. We reverse.
Appellee Green contracted to sell a piece of real estate to A.J.P.S., Inc. and to construct two buildings on the property for A.J.P.S. Seventy-five thousand dollars of the purchase price was placed in escrow, to be disbursed only when construction was completed; however, prior to that condition *991 occurring, Sunniland Bank, the escrow agent, gave Greene two cashiers’ checks, each in the amount of $37,500, which were payable to both Greene and A.J.P.S. Although A.J.P.S. never endorsed these checks, appellees Greene and Lipsey obtained all of the funds.
Greene and A.J.P.S. became involved in litigation in which the appellant bank was also a party. The bank’s cross-claim against Greene and Lipsey, based on their receipt of the proceeds from the checks allegedly in violation of the Uniform Commercial Code, was severed.
After a jury resolved the issues between Greene and A.J.P.S., the trial court concluded that the fact that the jury found Greene liable only for breach of contract, but not for conversion or civil theft, precluded the bank from pursuing its cross-claim against Greene as a matter of law. Because of the differences between the parties, the facts, and the legal theories involved in the jury trial, and those involved on the cross-claims, the appel-lees were not entitled to a summary judgment on the cross-claims. We therefore reverse and remand for further proceedings.
DELL, C.J., and STEVENSON, J., concur.